IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. BROWN, | § | |
| TDCJ-CID NO.1179435, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION H-05-4268 |
| | § | |
| DOUG DRETKE, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Christopher Brown, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a disciplinary proceeding that resulted in the loss of commissary, recreational, church, and contact visit privileges, property and cell restrictions, solitary confinement, and a reduction in class line status. (Docket Entry No.1). Petitioner contends he was denied due process of law because his plea was involuntary and the disciplinary action resulted in a sanction that infringed upon a liberty interest, *i.e*, an opportunity to present a defense at the disciplinary hearing. (*Id.*).

Discussion

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the disciplinary sanctions imposed in this case do not implicate a liberty interest, petitioner is not entitled to federal habeas relief on his due process claims. Therefore, the Court will dismiss this habeas petition and deny all pending motions.

Prisoners charged with institutional rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001). Such an interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted). In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). Sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

When a prisoner has a protected liberty interest in the loss of accrued good time credits, the revocation of such credits must comply with minimal procedural due process. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). These minimal requirements are: (1) written notice of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the ability to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied on and the reasons for any disciplinary action taken. *Wolff*, 418 U.S. at 564-66.

Petitioner concedes that he did not lose any good time credits as a result of the prison disciplinary conviction; therefore, he was not denied due process by the hearing officer's alleged failure to allow him to call witnesses and present evidence in his own defense or his alleged involuntary plea.  The changes in his confinement resulting from the disciplinary conviction, *i.e.*, loss of commissary and recreational privileges, property and cell restrictions and solitary confinement, and reduction in class line status do not impinge upon a liberty interest and therefore, do not implicate the Due Process Clause.  *See Sandin*, 515 U.S. at 486 (confinement in administrative segregation); *Malchi*, 211 F.3d at 959 (right to particular time-earning status); *Madison*, 104 F.3d at 768 (loss of commissary privileges and cell restriction); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1996) (loss of opportunity to earn good time credits).  The temporary suspension of church attendance and contact visits do not implicate due process concerns. Accordingly, his habeas petition does not present a cognizable basis for habeas relief and will be summarily dismissed.

<u>Certificate of Appealability</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir.

2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley,* 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right, and so a certificate of appealability from this decision will be denied.

## Conclusion

Accordingly, the court ORDERS the following:

1. Petitioner's application for writ of habeas corpus (Docket Entry No.1) is DENIED.

2. This action is DISMISSED with prejudice for failure to state a claim.

3. A certificate of appealability is DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on January 10, 2006.

*[signature]*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE